Roger L. Grandgenett II, Esq.
Nevada Bar No. 6323
McCade Wing, Esq.
Nevada Bar No. 16652
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, Suite 200
Las Vegas, Nevada 89113.4770
Telephone:   702.862.8800
Facsimile:    702.862.8811
rgrandgenett@littler.com
mwing@littler.com

Donald Williams, Esq.
Nevada Bar No. 5548
Aaron Tippetts III, Esq.
Nevada Bar No. 16459
WILLIAMS STARBUCK
612 South Tenth Street
Las Vegas, NV 89101
Telephone:  702-320-7755
Facsimile:   702-320-7760
Dwilliams@dhwlawlv.com

Attorneys for Defendant
BOMBARD ELECTRIC, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAZEEM SHINABA, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>BOMBARD ELECTRIC, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>             Defendants. | Case No. 2:26-cv-01404-JAD-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY PENDING OUTCOME OF DEFENDANT'S MOTION TO DISMISS (ECF NO. 5)**<br><br>**(FIRST REQUEST)** |

Plaintiff KAZEEM SHINABA and Defendant, BOMBARD ELECTRIC, LLC ("Defendant" collectively referred to with Plaintiff as the "Parties"), by and through their counsel of record hereby agree and stipulate to stay discovery pending the Court's ruling on Defendant's Motion to Dismiss (ECF No. 5.).

**I.      RELEVANT PROCEDURAL BACKGROUND**

On May 13, 2026, Defendant's Motion to Dismiss (ECF No. 5) was filed. Pursuant to the

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

Parties' stipulation (ECF No. 15), on June 17, 2026,  Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 17) was filed. Defendant's reply is due July 8, 2026. ECF No. 15, 1:22-24.

Given that Defendant's Motion to Dismiss may impact the scope of the claims or result in resolution, the Parties respectfully request that the Court to issue an order staying discovery pending resolution of Defendant's Motion to Dismiss.

**II.    THE PARTIES AGREE DISCOVERY SHOULD BE STAYED UNTIL THE COURT HAS ADJUDICATED THE PENDING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**A.    Legal Standard.**

Courts have "broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-cv-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). In exercising this discretion, "court are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* FRCP 1. This broad discretion applies to discovery, including whether to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Parties agree that good cause exists to stay discovery given that Defendant's Motion to Dismiss may be "dispositive" of Plaintiff's claim. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

**B.    Discovery Should Be Stayed Pending Adjudication of Defendant's Motion to Dismiss.**

The Parties agree that Defendant's Motion to Dismiss warrants a stay of discovery and that the Parties should be relieved of their obligation to proceed with discovery pending adjudication. The Parties further agree that neither Plaintiff nor Defendant will suffer undue hardship, prejudice, or inequity as a result of a stay, as discovery is not yet necessary at this stage of the proceeding.

Here, staying discovery will allow the Parties to avoid duplicative efforts and potentially unnecessary costs. Consistent with the foregoing, the Parties agree they will be better positioned to evaluate the appropriate scope and timing of any discovery following the Court's resolution

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

2

of Defendant's Motion to Dismiss.

Accordingly, the Parties hereby stipulate and agree, subject to the Court's approval, to the following:

1.    All discovery obligations in this action shall be stayed pending the Court's decision on Defendant's Motion to Dismiss.

2.    The Parties will meet and confer and submit a discovery plan with exact dates, as necessary, within fourteen (14) days of the Court's ruling on Defendant's Motion to Dismiss. Any previously served discovery shall be due thirty (30) days after the entry of the discovery plan.

3.    Nothing in this Stipulation shall affect the Early Neutral Evaluation currently scheduled for August 14, 2026. *See* ECF No. 6.

This is the Parties' first request for a stay of discovery, and it is made in good faith and not for purposes of delay.

Dated: July 7, 2026

Respectfully submitted,

*/s/ Christian Gabroy*
Christian Gabroy, Esq.
Kaine Messer, Esq.
GABROY MESSER

Attorneys for Plaintiff
KAZEEM SHINABA

Dated: July 7, 2026

Respectfully submitted,

*/s/ McCade Wing*
Roger L. Grandgenett, Esq.
McCade Wing, Esq.
LITTLER MENDELSON, P.C.

Donald Williams, Esq.
Aaron Tippetts, Ese.
WILLIAMS STARBUCK

Attorneys for Defendant
BOMBARD ELECTRIC, LLC

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   7-8-26

3

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800